### BISSELL v. HIVELY.

MORTGAGES—PAYMENT—DEFAULT OF AGENT—RIGHTS OF ASSIGNEE.
Where one gave a mortgage to a loan agent upon the latter's agreement to apply the proceeds in discharge of prior outstanding mortgages, and the agent, after selling the mortgage, which contained a covenant against incumbrances, to a client who purchased without notice, failed to pay off one of the prior mortgages, and the same was thereafter foreclosed, it was improper to provide in the decree that the later mortgage should be reduced by the amount of the mortgage in suit, since, as between the mortgagor and the assignee of the later mortgage, the results of the default of the loan agent should fall upon the mortgagor.

Appeal from Montcalm; Davis, J. Submitted January 30, 1900. Decided February 20, 1900.

Bill by Annie A. Bissell against David J. Hively, Mary A. Hively, Mary B. Stanton, and others, to foreclose a

mortgage. From a decree for complainant, but granting defendants Hively relief against defendant Stanton, a subsequent mortgagee, the latter appeals. Modified.

Defendant David J. Hively is the owner of a farm of 120 acres, covered by the two mortgages involved in this suit. On January 20, 1885, he executed a mortgage for $500 on 40 acres of land to one Soverhill, of Geneva, N. Y. The mortgage and note were made payable at the office of Samuel S. Walker, St. Johns, Mich., who negotiated the loan for Hively. By assignments duly made and recorded, the mortgage and note became the property of the complainant, who filed the bill in this case to foreclose her mortgage. The mortgage and note were never in the custody of Samuel S. Walker, Walker & White, or the Michigan Mortgage Company, after the delivery to Soverhill. Defendant Hively and his wife had also executed two other mortgages upon his land, known as the "Hunt" and "Langdon" mortgages; one for $800, the other for $1,000. These three mortgages were in existence in 1888. In July, 1888, defendant, desiring to procure a loan of $2,500 to take up these three mortgages, applied in writing to Walker & White for a loan of $2,500 for that purpose, upon 120 acres of land. Various letters passed between them, which finally resulted in the giving of a mortgage for that amount to Walker & White, who assigned it, before due, to Mrs. Stanton. Upon the execution and delivery of the same to Walker & White, they gave an agreement to Hively to apply the proceeds of the same in payment of these three mortgages. Mr. Hively at the same time executed to Walker & White a commission mortgage for $125. Mrs. Stanton resided in the State of New York. Her husband, who had an office in Detroit, attended to her business, and negotiated this loan. The mortgage contains the usual covenants of title and against incumbrances. Mrs. Stanton had purchased several mortgages previous to this time through Walker & White. One mortgage for $2,000

was then about due. Walker & White wrote her that, if she desired this mortgage, to send $500 more, which, with the amount of the other mortgage, when collected, would be sufficient. She did this, and in due time received the note and mortgage in question, which she has ever since held in her possession. Walker & White paid and procured the discharge of the Hunt and Langdon mortgages, but not until considerable correspondence between them and Mr. Hively, who, on January 26, 1889, wrote Walker & White that he wanted the matter closed up at once, as he was running a big risk in having two mortgages on record for one debt. The mortgage owned by complainant was never paid. She filed her bill to foreclose in April, 1896. In June following, defendant Hively answered, alleging payment of the Bissell mortgage. In April, 1897, he was permitted to file an amended answer, in which he set up that Walker & White were the agents of Mrs. Stanton; that she had full notice of Walker & White's agreement with Hively; and alleging that either complainant's mortgage is paid, or that defendant Stanton's mortgage is reduced by the amount that Walker & White ought to have applied to pay complainant's mortgage under their agreement with Hively. The case was heard upon pleadings and proofs taken in open court. Complainant's mortgage was sustained, and decree entered in her behalf; but the court held that the defendant Stanton's mortgage should be reduced by the amount of the mortgage held by complainant, thus reducing her mortgage to $1,564.53. From this decree she appeals.

*George P. Stone*, for complainant.

*Edwin H. Lyon*, for defendants Hively.

*James H. Brewster*, for defendant Stanton.

GRANT, J. (*after stating the facts*). It is unnecessary to enter into a lengthy discussion of the case, or to make a detailed statement of the facts. Walker & White were the agents of Hively in negotiating this loan. Neither complainant nor defendant Stanton had any no-

tice or knowledge of the agreement between Hively and Walker & White. Neither was there anything in the transaction to put either upon inquiry. The agreement was a personal one between Hively and Walker & White. Hively knew, some time after the Stanton mortgage was given, that complainant's mortgage was not discharged, yet he took no steps to notify complainant, or to secure the performance of his contract with Walker & White, except to write Walker & White, insisting upon its performance. After the other two mortgages were discharged, he made no effort to ascertain whether complainant's mortgage had been paid. He knew that the business of Walker & White was negotiating loans, and that the mortgage and note given by him to them were liable to be assigned to *bona fide* purchasers. Hively had given his covenants against incumbrances, thereby representing to the mortgagees and their assignees that the mortgage was a first lien upon the land. Upon these covenants Mrs. Stanton, in making her purchase, had the right to rely. Hively is bound by his covenants. That Mr. Hively fully understood the situation, and understood that Mrs. Stanton's mortgage was valid for the entire amount, is evidenced by his correspondence with her and her husband after the failure of the Michigan Mortgage Company, in which correspondence he expressly recognizes its validity, pays interest on the full amount, and asks for an extension of time. Mr. Hively voluntarily executed a mortgage and note which were negotiable, and placed them in the hands of Walker & White, relying upon their agreement to apply the proceeds thereof in payment of his other three mortgages. The result of the failure of Walker & White to carry out that agreement cannot be visited upon prior mortgagees, or upon the innocent assignee of the mortgage given by him to Walker & White.

The decree is affirmed as to complainant, and reversed as to defendant Stanton, with costs against defendant Hively.

The other Justices concurred.